UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

WILLIAM DAGGETT,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, WILLIAM DAGGETT ("DAGGETT"), by and through his undersigned counsel, hereby sues HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ("HARTFORD"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. DAGGETT brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. DAGGETT was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. HARTFORD is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to DAGGETT by HARTFORD.

6. DAGGETT was at all times material an employee of PERMIAN MUD SERVICE, INC.

7. DAGGETT was at all times material a plan participant under the PERMIAN MUD SERVICE, INC. long-term Disability Plan, Group Policy No. GLT-678008 (the "LTD Plan") which is established by PERMIAN MUD SERVICE, INC. and pursuant to which DAGGETT is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. HARTFORD is the insurer of benefits under the LTD Plan and was appointed by PERMIAN MUD SERVICE, INC., the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, HARTFORD is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, DAGGETT is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period;
> 2) Your Occupation, for the 24 month(s) following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Indexed Pre-disability Earnings; and
> 3) after that, Any Occupation.
>
> If at the end of the Elimination Period, You are prevented from performing one or more of the Essential Duties of Your Occupation, but Your Current Monthly Earnings are greater than 80% of Your Pre-disability Earnings, Your Elimination Period will be extended for a total period of 12 months from the original date of Disability, or until such time as Your Current Monthly Earnings are less than 80% of Your Pre-disability Earnings, whichever occurs first.
>
> For the purposes of extending Your Elimination Period, Your Current Monthly Earnings will not include the pay You could have received for another job or a modified job if such job was offered to You by Your Employer, or another employer, and You refused the offer.
>
> **Any Occupation** means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of:
> 1) the product of Your Indexed Pre-disability Earnings and the Benefit Percentage; or
> 2) the Maximum Monthly Benefit.

13. Since approximately December 18, 2012, DAGGETT has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, DAGGETT made a claim to HARTFORD under the LTD Plan for disability benefits which HARTFORD initially approved and paid through March 25, 2015.

15. In a letter dated February 17, 2015, HARTFORD advised DAGGETT he would no longer be eligible for benefits beyond March 25, 2015 and his claim is being terminated effective March 26, 2015 as it was determined he did not meet the "ANY OCCUPATION" definition of disability.

16. DAGGETT properly appealed HARTFORD's adverse determination.

17. By letter dated September 17, 2015, HARTFORD affirmed its February 17, 2015 adverse determination and advised DAGGETT that the decision was final.

18. At all relevant times, DAGGETT complied with all conditions precedent and exhausted

3

all required administrative remedies under the LTD Plan.

19. At all relevant times, DAGGETT has been prevented from performing the essential duties of his occupation or any occupation.

20. At all relevant times, DAGGETT has been and is under the regular care of a physician.

21. At all relevant times, DAGGETT was a Covered Person under the LTD Plan.

22. From March 26, 2015 to the present date, DAGGETT has not received benefits owed to him under the LTD Plan, despite DAGGETT'S right to these benefits.

23. HARTFORD has refused to pay DAGGETT'S LTD benefits since March 26, 2015.

24. At all relevant times, HARTFORD was the payor of benefits.

25. At all relevant times, HARTFORD was the "Insurance Company" identified throughout the LTD Plan.

26. At all relevant times, HARTFORD was appointed by PERMIAN MUD SERVICE, INC., the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

27. At all relevant times, DAGGETT has been and remains Disabled and entitled to LTD benefits from HARTFORD under the terms of the LTD Plan.

28. DAGGETT has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

29. DAGGETT incorporates Paragraphs 1 through 28 as if fully set forth herein.

30. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

31. Pursuant to 29 U.S.C. §1132(a)(1)(B), DAGGETT, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

32. DAGGETT has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of HARTFORD'S failure to pay him disability benefits.

33. DAGGETT has exhausted all administrative remedies under the LTD Plan.

34. Defendant breached the LTD Plan and violated ERISA in the following respects:

 (a) Failing to pay LTD benefit payments to DAGGETT at a time when HARTFORD knew, or should have known, that DAGGETT was entitled to those benefits under the terms of the LTD Plan, as DAGGETT was disabled and unable to work and therefore entitled to benefits.

 (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of DAGGETT'S claim for LTD benefits;

 (c) After DAGGETT'S claim was terminated in whole or in part, HARTFORD failed to adequately describe to DAGGETT any additional material or information necessary for DAGGETT to perfect his claim along with an explanation of why such material is or was necessary.

 (d) HARTFORD failed to properly and adequately investigate the merits of DAGGETT'S disability claim and failed to provide a full and fair review of DAGGETT'S claim.

35. DAGGETT believes and thereon alleges that HARTFORD wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which

DAGGETT is presently unaware, but which may be discovered in this future litigation and which DAGGETT will immediately make HARTFORD aware of once said acts or omissions are discovered by DAGGETT.

36. Following the termination of benefits under the LTD Plan, DAGGETT exhausted all administrative remedies required under ERISA, and DAGGETT has performed all duties and obligations on his part to be performed under the LTD Plan.

37. As a proximate result of the aforementioned wrongful conduct of HARTFORD, DAGGETT has damages for loss of disability benefits in a total sum to be shown at the time of trial.

38. As a further direct and proximate result of this improper determination regarding DAGGETT'S claim for benefits, DAGGETT, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), DAGGETT is entitled to have such fees and costs paid by HARTFORD.

39. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, DAGGETT is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, WILLIAM DAGGETT prays for relief against HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 13, 2016

        ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Rachel Alters*
RACHEL ALTERS, ESQUIRE
Florida Bar No:106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com